UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL H. OBROWSKI,<br><br>    Defendant.<br>_____/ | No. C-10-80271-MISC-JSW (DMR)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S APPLICATION FOR ORDER AND APPEARANCE OF JUDGMENT DEBTOR SHOULD NOT BE DENIED** |

On November 12, 2010, Plaintiff's Application and Declaration for Order and Appearance of Judgment Debtor ("Application") was referred to this Court for resolution. Plaintiff's Application, which seeks a judgment debtor exam to aid in the enforcement of a default judgment on a student loan, appears deficient for the following reasons.

Federal law regarding default on a student loan provides: "With respect to any State court judgment that is obtained by a lender or holder against a borrower for default on a loan insured under this subpart and that is subrogated to the United States... any United States attorney may register such judgment with the Federal courts for enforcement." *See* 42 U.S.C. § 292f (h)(3). However, the "procedure on execution [of a money judgment] – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 69 (a)(1). Under applicable California law, "[a] person sought to be examined [as a judgment debtor] may not be

1. required to attend an examination before a court located outside the county in which the person
2. resides or has a place of business unless the distance from the person's place of residence or place of
3. business to the place of examination is less than 150 miles." Cal. Code Civ. Proc. § 708.160 (b).
4. Furthermore, "[i]f the judgment creditor seeks an examination of a person before a court other than
5. the court in which the judgment is entered, the judgment creditor shall file an application that shall
6. include...[a]n affidavit in support of the application stating the place of residence or place of
7. business of the person sought to be examined." Cal. Code Civ. Proc. § 708.160 (d)(2).
8.     The underlying state court judgment was entered in the County of San Bernardino.[1]
9. However, Plaintiff has requested that the judgment debtor exam take place not where the money
10. judgment was entered but in San Francisco. To that end, Plaintiff has not sufficiently attested that
11. the judgment debtor's place of residence or business is less than 150 miles to the place of
12. examination. Rather, Plaintiff attests that the judgment debtor "resides in the County of Los
13. Angeles," which is not located within 150 miles of San Francisco County (or Alameda County,
14. where this matter was referred).[2]
15.     Thus, Plaintiff does not appear to set forth a proper basis to conduct the judgment debtor
16. exam in the Northern District. Accordingly, Plaintiff is ordered to show cause why its Application
17. to this Court should not be denied, in the form of a supplemental affidavit to be submitted by
18. Plaintiff no later than **November 24, 2010**.
19.     IT IS SO ORDERED.

Dated: November 18, 2010

DONNA M. RYU
United States Magistrate Judge

---

[1] The proof of service of the amended state court judgment also indicates Plaintiff was served in Alta Loma (located in San Bernardino County).

[2] Furthermore, the Court notes that Plaintiff's counsel is located in Los Angeles County.

2